IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KEVIN LAFATE EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-067 |
| | ) | |
| DR. MARY ALSTON; SHELTON, Warden over Care and Treatment; DR. TAYLOR; P.A. CAIN; DR. WILLIAM DUKE; NPC C. WILLIAM; DR. JED W. HOWINGTON; DR. AYAZ CHAUDHARY; and SCOTT WILKER, Former Warden, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, currently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.  SCREENING OF THE AMENDED COMPLAINT**

   **A.  BACKGROUND**

Plaintiff names as Defendants (1) Dr. Mary Alston; (2) Shelton, Warden over Care and Treatment; (3) Dr. Taylor; (4) P.A. Cain; (5) Dr. William Duke; (6) NPC C. William; (7) Dr. Jed W. Howington; (8) Dr. Ayaz Chaudhary; and (9) Scott Wilker, former Warden. (See

doc. no. 1, pp. 1, 8-9.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On January 22, 2016, Dr. William Duke performed a thyroidectomy on Plaintiff. (Id. at 10.) After a biopsy, Dr. Duke determined Plaintiff had stage II thyroid cancer. (Id.) He suggested further testing to determine whether the cancer had spread and told Plaintiff he would refer him to an associate for an appointment in a few weeks. (Id.) When Plaintiff saw Dr. Mary Alston in June 2016, he reminded her of the scheduled appointment with Dr. Duke's associate. (Id.) She said the appointment must have been overlooked and she would set up an appointment soon. (Id.) Despite filing several health services requests, Plaintiff never received an appointment. (Id. at 10-11.)

On December 8, 2016, Dr. Jed Howington saw Plaintiff and discussed with him the possibility of cancer remaining after the surgery. (Id. at 11.) Plaintiff saw P.A. Cain on December 12, 2016, to schedule a follow up appointment on December 29, 2016, and she told Plaintiff to stop taking his synthroid medication. (Id.) The December 29th appointment never occurred, and Plaintiff wrote several medical and health services requests regarding whether he should start taking synthroid again since the appointment did not happen, but did not receive any response. (Id.)

Plaintiff saw a throat doctor at ASMP who suggested radiation treatment to kill any tissue left over from the surgery. (Id. at 12.) On April 5, 2017, Dr. Howington and his staff admitted Plaintiff to Augusta Medical Hospital for radiation treatment. (Id.) Upon his return, Dr. Howington instructed the prison that Plaintiff should not be put back into the general population for five to seven days. (Id.) However, Plaintiff was placed in general

2

population the day he returned to ASMP. (Id.)

In May 2017, Dr. Alston saw Plaintiff and told him she would set up an appointment for cancer treatment on June 8, 2017. (Id. at 12-13.) On June 13, 2017, Dr. Taylor saw Plaintiff and asked him why he was not taking his medicine. (Id. at 13.) Plaintiff responded that Dr. Alston had set up an appointment for him regarding his cancer, and after looking it up, Dr. Taylor said the appointment was scheduled for September 6, 2017. (Id.) Dr. Taylor saw Plaintiff again on September 13, 2017, and told Plaintiff he would check on Plaintiff's missed cancer appointment. (Id.) Plaintiff never received the appointment. (Id.)

On October 4, 2017, Plaintiff saw P.A. Cain for an optometry follow up and mentioned to her he was having pain in his throat. (Id. at 13-14) She noted he had previously had thyroid cancer and sent him to the laboratory for blood work. (Id. at 14.) Plaintiff also received a throat MRI on October 11, 2017. (Id.)

Plaintiff saw Dr. Taylor again on January 23, 2018, and he explained to Plaintiff that Plaintiff would be seen by Dr. Ayaz Chaudhary for a colonoscopy within the next two or three months. (Id. at 15.) While Dr. Chaudhary did not perform the colonoscopy, Plaintiff was seen on March 15, 2018 by a doctor at Reidsville State Prison who performed a colonoscopy and ran a camera down his throat. (Doc. no. 1-2, p. 4.) Plaintiff also notes several discrepancies in his medical records between services his records indicate he received but in actuality he did not. (Id. at 1-4.)

B.  **DISCUSSION**

1.  **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must

provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Deliberate Indifference to His Medical Needs.

Plaintiff fails to state a viable Eighth Amendment claim for deliberate indifference to his cancer. To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege a defendant not only had (1) subjective knowledge of a risk of serious harm, but he or she also (2) disregarded that risk,

(3) by conduct that is more than mere negligence. See Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505. Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010).

While cancer is a serious medical need, see Woody v. Bryson, No. 5:16-CV-00467-LJA, 2017 WL 2126598, at *4 (M.D. Ga. May 16, 2017), Plaintiff cannot demonstrate Defendants disregarded a risk of serious harm by following a course of action which constituted more than negligence. Plaintiff complains many of his appointments regarding his throat cancer were canceled or rescheduled, Defendants did not timely respond to his requests

6

regarding when he should stop and start taking certain medications, and placed him back in the general population against Dr. Howington's orders.

However, by Plaintiff's own admission, Plaintiff received extensive treatment for his thyroid cancer and its potential spread, including a thyroidectomy, blood work, radiation treatment, a colonoscopy, and a tube down his throat. The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). Any delay in treatment or canceled appointments were the result of at most negligence, and Plaintiff alleges no harm from these cancelations or delays. Thus, Plaintiff received adequate medical care from Defendants and fails to state a claim for relief against them for deliberate indifference to his medical needs.

### 3. The Complaint Is Subject to Dismissal for the Additional Reason that Plaintiff Does Not Allege a Basis for Federal Jurisdiction Over His State-Law Medical Malpractice Claims

To the extent Plaintiff may be attempting to bring state law medical malpractice claims, the complaint would still be subject to dismissal. Under Fed. R. Civ. P. 8(a)(1), a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Because Plaintiff did not include any such statement in his amended complaint, it is subject to dismissal. See Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Constr. Co., 607 F.3d 1268, 1275-77 (11th Cir. 2010) (remanding for dismissal where complaint failed to assert basis for federal question jurisdiction); Travaglio v. Am. Express Co., 735 F.3d 1266, 1268-70 (11th Cir. 2013) (affirming dismissal where factual allegations do not establish federal diversity

jurisdiction). Therefore, to the extent Plaintiff is attempting to bring state medical malpractice claims, such claims should be dismissed.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of June, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA