IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KEVIN LAFATE EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-067 |
| | ) | |
| DR. MARY ALSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's September 10, 2018 Report and Recommendation ("R&R"), to which no objections have been filed. In lieu of objections, Plaintiff filed a second amended complaint. (Doc. no. 27.)

Under Federal Rule of Civil Procedure 15(a)(1)(A), a party may amend his pleading once as a matter of course within twenty-one days after service. Thereafter, a party may amend a pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts should freely allow amendment. See Carter v. Broward Cty. Sheriff's Dep't Med. Dep't, 558 F. App'x 919, 923 (11th Cir. 2014) ("Leave to amend should be freely given . . . .") (citing Forman v. Davis, 371 U.S. 178, 182 (1962)); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). However, "[a] . . . court may deny such leave where there is substantial ground for doing so, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party, and futility of the amendment." Muhammad v. Sapp, 494 F. App'x 953, 958 (11th Cir. 2012) (quoting Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008)). An amendment is futile when the pleading that it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'") (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)).

As Plaintiff previously filed an amended complaint, he is not entitled to amend as a matter of right. (See doc. no. 21.) Petitioner never received the opposing party's consent or the Court's leave to amend. Therefore, Plaintiff's second amended complaint is not properly before the Court.

In any event, Plaintiff's second amended complaint is futile because it does not remedy the problems of the first amended complaint. The Magistrate Judge recommended dismissal of Plaintiff's Eight Amendment claims for deliberate indifference to a serious medical need because Plaintiff was being treated for his cancer and there was nothing more than a mere difference of opinion over the course of treatment between Plaintiff's doctors and Plaintiff. (Doc. no. 25, p. 7.) Plaintiff alleges no new facts showing his claims should not be dismissed. Therefore, even if the Court accepted his amendment, the second amended complaint would still be subject to dismissal for failing to state a claim.

Furthermore, it appears Plaintiff is attempting to fix each pleading deficiency as the Court points it out. However, "Rule 15's liberal amendment standard is not an unqualified

2

license to fix every new defect as the court uncovers them." In re Engle Cases, 767 F.3d 1082, 1123 (11th Cir. 2014).

Accordingly, the Court **REJECTS** Plaintiff's second amended complaint as procedurally improper and futile, **ADOPTS** the September 10, 2018 R&R of the Magistrate Judge as its opinion (doc. no. 25), **DISMISSES** Plaintiff's first amended complaint for failure to state a claim upon which relief can be granted, and **CLOSES** this civil action.

SO ORDERED this 10th day of October, 2018, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3